**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNY SETIAWAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72998 <br><br> Agency No. A088-272-859 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Johny Setiawan, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Setiawan alleges that he suffered past persecution and has a well-founded fear of future persecution on account of his Chinese ethnicity. Substantial evidence supports the agency's finding that Setiawan failed to establish past persecution because, even considered cumulatively, his experiences in Indonesia do not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution). Further, substantial evidence supports the BIA's determination that, even under a disfavored group analysis, Setiawan failed to establish sufficient individualized risk of harm to demonstrate a well-founded fear of persecution. *See Halim*, 590 F.3d at 977-79. Accordingly, Setiawan's asylum claim fails.

Because Setiawan has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because

Setiawan failed to establish that it is more likely than not that he will be tortured if he returns to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

We reject Setiawan's contention that the BIA erred because it did not provide a full elaboration as to why it gave more weight to the State Department country condition reports than his expert witness's opinion. *See Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir. 1995) (State Department country reports recognized as "the most appropriate and perhaps the best resource" on "political situations in foreign nations") (internal citations and quotation omitted).

Finally, we reject Setiawan's claim that the BIA erred by failing to address his argument that he had a well-founded fear of persecution on account of his religion. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (a petitioner is "deemed to have exhausted only those issues he raised *and argued* in his brief before the BIA") (emphasis added).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**